GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR22-01191-001-PHX-JJT (MTM) |
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Mercedes Elesse Holyfield, | |
| Defendant. | |

Defendant MERCEDES ELESSE HOLYFIELD ("Defendant" or "HOLYFIELD") pleaded guilty to Count 2, Dealing Firearms Without a License. The United States recommends that Defendant receive a sentence of 18 months' imprisonment. The United States further recommends that Defendant receive a term of 3 years' supervised release.

The United States has no objections or corrections to the Presentence Report ("PSR"). The United States agrees with the PSR calculations resulting in a Total Offense Level of 15 and Criminal History Category I. PSR at ¶¶ 43 and 47. This results in a Guidelines range of 18–24 months' imprisonment. The 18-month recommendation is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      FACTS AND PROCEDURAL HISTORY**

A grand jury indicted Defendant HOLYFIELD on September 14, 2022. On June 28, 2023, HOLYFIELD pleaded guilty to Count 2 of the Indictment, Dealing Firearms

Without a License, in violation of 18 United States Code §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D). Defendant HOLYFIELD agreed with the following facts in her plea agreement at the change of plea proceeding:

> Between March 1, 2019, and March 5, 2022, in the District of Arizona, I MERCEDES ELESSE HOLYFIELD willfully purchased at least 57 firearms for the purpose of transporting them to California and reselling them for a profit. I purchased these firearms from Federal Firearms Licensees (FFLs), and re-sold them at a higher price, retaining the profits. I have never possessed a license to engage in the business of dealing firearms.

In addition to the facts in the plea agreement, it is important to consider these facts as well: Defendant HOLYFIELD engaged in dealing firearms without a license for approximately three years with her live-in boyfriend and co-defendant Jerone Dayvon Williams. Defendant HOLYFIELD purchased 57 known firearms from Arizona FFLs, and her boyfriend Williams purchased 31 known firearms. They often visited FFLs together, and they purchased the same make and/or model of handguns. According to the PSR, 11 firearms purchased between March 1, 2019, and February 7, 2022, by HOLYFIELD were recovered by law enforcement agencies in California between December 30, 2020, and October 24, 2022. Eight of those firearms were found in possession of felons, one was in the possession of a suspected gang member, and one was used during a shooting with law enforcement officers. (P.S.R. ¶¶ 6-9.)

Location data for a phone associated with both HOLYFIELD and Williams showed that on various occasions they purchased firearms in Arizona and traveled to California within a few hours or a few days. HOLYFIELD has known ties to California, including her place of birth and high school. California gun laws are stricter than Arizona's.

## II. UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that HOLYFIELD receive a low-end Guideline sentence of 18 months in the Bureau of Prisons ("BOP")

followed by a term of 3 years' supervised release. As calculated in the PSR, Defendant HOLYFIELD has a Total Offense Level of 15, Criminal History Category I, and a Guidelines range of 18–24 months' imprisonment. The United States will dismiss Counts 1 and 3-57 of the Indictment at the time of sentencing.

### A. A Sentence of 18 month in BOP is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted). The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court. *Id*. (citations omitted). When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50). The United States submits that 18 months' imprisonment for this Defendant HOLYFIELD is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

#### 1. Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). The nature and circumstances of Defendant HOLYFIELD's offenses call for a Guideline prison sentence. HOLYFIELD engaged in criminal activity for three years, during which she purchased 57 firearms. Several of the firearms she purchased were recovered in California. The nature and circumstances of Defendant's actions justify a sentence of 18 months in the BOP.

#### 2. Defendant's History and Characteristics

Defendant HOLYFIELD's history and characteristics weigh in favor of a Guideline sentence. Despite a lack of criminal history points, purchasing firearms for others,

especially those that end up in the hands of felons, is very serious.  A Guidelines sentence is appropriate.

### 3. Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). HOLYFIELD's conduct of purchasing 57 firearms over three years and those going to other people poses danger to the community. Therefore, a prison sentence is appropriate.

### 4. The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).  A prison sentence is appropriate to deter Defendant from committing future crimes.  The need for deterrence also extends beyond preventing recidivism by Defendant.  General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing").  HOLYFIELD's sentence must be sufficient to deter her and other persons who may consider dealing firearms without a license.

### 5. Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C).  HOLYFIELD engaged in buying dozens of firearms over several years, many of which ended up in the hands of felons.  A Guidelines sentence is appropriate.

### 6. Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D).  HOLYFIELD has a history of mental health issues.  (P.S.R. ¶¶

63-64.) Defendant can receive treatment for that while in prison. Successful treatment could also help to protect the public from any future crimes by HOLYFIELD.

**B.      A 3-Year Term of Supervised Release is Appropriate under § 3583(c)**

The United States recommends that HOLYFIELD be placed on supervised release for three years.  This term is warranted by the nature and circumstances of Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.).  It is also necessary to protect the public from further crimes by HOLYFIELD and to deter her from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

**III.   CONCLUSION**

The United States recommends that HOLYFIELD receive a low-end Guideline sentence of 18 months' imprisonment.  The United States further recommends that Defendant receive a term of 3 years' supervised release.  For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 27th day of August, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on August 27, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Chalet Monique Braziel
Counsel for Defendant Holyfield

*s/ J. Schesnol*
U.S. Attorney's Office