GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> Jerone Dayvon Williams , <br><br> Defendant. | No. CR 22-01191-002-PHX-JJT <br><br> **UNITED STATES' SENTENCING MEMORANDUM** |

Defendant Jerone Dayvon Williams ("Defendant" or "Williams") pleaded guilty to Count 2, Dealing Firearms Without a License. The United States recommends that Defendant receive a sentence of 18 months' imprisonment. The United States further recommends that Defendant receive a term of three-years' supervised release.

The United States has no legal objections or factual corrections to the Draft Presentence Report ("Draft PSR") ECF 42. The United States agrees with the Draft PSR calculations resulting in a Total Offense Level of 15 and Criminal History Category I. PSR at ¶¶ 46, 50, and 68. This results in a Guidelines range of 18–24 months' imprisonment. The 18-month recommendation is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      FACTS AND PROCEDURAL HISTORY**

The government charged Defendant Williams by way of a Complaint on August 19, 2022.  (ECF 1.) As a result, he was arrested shortly thereafter.  Defendant Williams was released on his personal recognizance, on August 22, 2022.  (ECF 7.)  Conditions of release included, appear at all court proceedings, report as directed to pretrial services, and maintain weekly contact with his defense attorney.  A grand jury indicted Defendant Williams on September 14, 2022.  (ECF 8.)  In late April 2023, pretrial services filed a petition for action, based on several alleged violations, including lack of contact with pretrial services, moving without permission, failure to provide proof of seeking employment, and use of a narcotic drug - a warrant was issued for Defendant Williams.  (ECF 30 and 72.)   Nearly a year later, Williams was arrested  in the Central District of California, where he was again released.  (ECF 66 and 70.)  Defendant Williams did travel to Arizona for his initial appearance and revocation hearing.  (ECF 71 and 75.)  The parties were able to enter into a plea agreement on March 7, 2024, where Williams pleaded guilty to Count 2 of the Indictment, Dealing Firearms Without a License, in violation of 18 United States Code §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D).  (ECF 76.)  Defendant Williams agreed with the following facts in his plea agreement at the change of plea proceeding:

> From on or about March 1, 2019, through on or about March 5, 2022, in the District of Arizona, I JERONE DAYVON WILLIAMS willfully purchased at least 31 firearms for the purpose of transporting them to California and reselling them for a profit. I purchased these firearms from Federal Firearms Licensees (FFLs), and re-sold them at a higher price, retaining the profits. I have never possessed a license to engage in the business of dealing firearms.

In addition to the facts in the plea agreement, it is important to consider these facts as well:  Williams' co-defendant and one-time girlfriend  Mercedes Holyfield, was also purchasing firearms during the same period of time as Defendant Williams committed his

crimes. Location data for a phone associated with both Williams and Holyfield showed that on various occasions they purchased firearms in Arizona and traveled to California within a few hours or a few days. Both Williams and Holyfield have known ties to California. Four of the firearms Defendant Williams purchased have been recovered in California, with recoveries ranging 12 – 662 days from purchase. As of the time of the drafting of this Sentencing Memo, the United States is still awaiting information regarding the firearm that was recovered 12 days after the date Defendant Williams purchased it. The other three firearms have been recovered in the possession of a felon; in a home where a search warrant was executed, where other firearms and narcotics were recovered; and in association with an investigation of attempted homicide. No additional firearms have been recovered.

## II. UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Williams receive a low-end Guideline sentence of 18 months in the Bureau of Prisons ("BOP") followed by a term of three-years' supervised release. As calculated in the PSR, Defendant Williams has a Total Offense Level of 15, Criminal History Category I, and a Guidelines range of 18–24 months' imprisonment. The United States will dismiss Counts 1 and 58 - 85 of the Indictment at the time of sentencing.

### A. A Sentence of 18 month in BOP is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted). The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court. *Id*. (citations omitted). When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). As such, "a major departure should be supported by a more significant

justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50). The United States submits that 18 months' imprisonment for Defendant Williams is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1. Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). The nature and circumstances of Defendant Williams' offenses call for a Guideline prison sentence. Williams engaged in criminal activity for three years, during which he purchased 31 firearms. At least four of the firearms he purchased were recovered in California. The nature and circumstances of Defendant's actions justify a sentence of 18 months in the BOP.

### 2. Defendant's History and Characteristics

Despite a lack of criminal history points, purchasing firearms for others, especially those that end up at crime scenes and in the hands of felons, is very serious. A Guidelines sentence is appropriate.

### 3. Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Williams' conduct of purchasing 31 firearms over three years and those going to other people poses danger to the community. Therefore, a prison sentence is appropriate.

### 4. The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). A prison sentence is appropriate to deter Defendant from committing future crimes. The need for deterrence also extends beyond preventing recidivism by Defendant. General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general

deterrence as "one of the key purposes of sentencing"). Williams' sentence must be sufficient to deter him and other persons who may consider dealing firearms without a license.

### 5. Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C). Williams engaged in buying dozens of firearms over several years, some of which ended up at crime scenes or in the hands of felons. A Guidelines sentence is appropriate.

### 6. Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). Williams' history of substance use (Draft PSR ¶ 63) can be addressed while he is in prison. Successful treatment could also help to protect the public from any future crimes.

### 7. Unwarranted Sentencing Disparity

The sentence imposed should "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Co-defendant Holyfield was sentenced to 12 months and one day of incarceration. (ECF 64.) Based on Defendant Williams absconsion from supervision for nearly a year, his sentence should be more severe than his co-defendant's sentence.

**B.      A Three-Year Term of Supervised Release is Appropriate under § 3583(c)**

The United States recommends that Williams be placed on supervised release for three years. This term is warranted by the nature and circumstances of Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.). It is also necessary to protect the public from further crimes by Williams and to deter him from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

## III. CONCLUSION

The United States recommends that Williams receive a low-end Guideline sentence of 18 months' imprisonment. The United States further recommends that Defendant receive a term of three-years' supervised release. For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 7th day of May, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on May 7, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Loyd Tate
Counsel for Defendant Williams

*s/ J. Schesnol*
U.S. Attorney's Office